UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
---------------------------------------------------------X
Jim Tully,

                         Plaintiff,

         -against-

Credit Control, LLC,

                       Defendant.
---------------------------------------------------------X

Civil Action No.: 3:14-cv-384-J-32Jek

**VERIFIED COMPLAINT**

Now comes Plaintiff Jim Tully (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Credit Control, LLC (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors

who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of Tennessee, Williamson County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant Credit Control, LLC ("Credit Control") is a Missouri corporation conducting business from offices located at 5757 Phantom Dr. Ste 330, Hazelwood MO, 63042 ("Missouri Address") and 4902 Eisenhower Blvd Ste 155, Tampa FL, 33634 (Florida Address").

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

8. In or around October 2013, Defendant commenced collection activities in an attempt to collect an alleged debt (referred to hereinafter as the "Alleged Debt") from Plaintiff originating from prior credit debt.

9. Upon information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

10. In or around October 2013, Plaintiff received a demand letter from Defendant in the mail requesting payment of the Alleged Debt.

11. In response, Plaintiff mailed Defendant a validation letter to Defendant's Missouri Address disputing the Alleged Debt and requesting documentation proving that he owed the Alleged Debt.

12. Defendant did not respond to Plaintiff's validation letter.

13. Nonetheless, on or about December 3, 2013, Defendant placed a telephone call to Plaintiff's wife at her place of employment in an attempt to collect the Alleged Debt.

14. In said conversation, Plaintiff's wife informed Defendant that she could not receive such telephone calls at her place of employment.

15. On or about December 11, 2013, Plaintiff mailed Defendant a second validation letter to Defendant's Missouri Address disputing the Alleged Debt and requesting that Defendant no longer contact his wife at her place of employment.

16. Despite Plaintiff's validation letters, on or about December 18, 2013, Plaintiff's wife received a second telephone call from Defendant at her place of employment in an attempt to collect the Alleged Debt.

17. In said conversation, Defendant stated that Plaintiff should send validation letters to its Florida Address.

18. Upon information and belief, Defendant lists its Missouri Address as its Principal Address on the Missouri Secretary of State website.

19. As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIRST CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e)

20. Defendant's conduct violated 15 U.S.C. §1692e, in that Defendant made false, deceptive, and/or misleading representations to Plaintiff regarding the Alleged Debt when it failed to provide Plaintiff with confirmation that Plaintiff owes the Alleged Debt.

21. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692c(a)(3))

22. Defendant's conduct violated §1692c(a)(3) in that Defendant contacted Plaintiff's wife at Plaintiff's place of employment despite Defendant's knowledge that Plaintiff's wife could not receive telephone calls related to the Alleged Debt during normal business hours.

23. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## THIRD CAUSE OF ACTION
### (Violations of 15 U.S.C §1692g(b))

24.     Defendant's conduct violated §1692g(b) in that Defendant continued attempted to collect the Alleged Debt despite having received multiple letters from Plaintiff requesting validation of the Alleged Debt.

25.     As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

26.     Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jim Tully demands judgment against the Defendant Credit Control, LLC as follows:

A.     For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

B.     For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

C.     For a declaration that the Defendant is subject to the requirements of the FDCPA and its practices, as alleged herein, violated the FDCPA; and,

D.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        March 19, 2014

                              Respectfully submitted,


                                        By: /s Jerald Belofsky, esq.

Attorney for Plaintiff
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
Telephone (212)796-6053
Fax (212) 951-7379
Email: info@fschulmanlaw.com